In the Matter of the Judicial Settlement of the Account of
THE FARMERS' LOAN AND TRUST COMPANY, as Temporary
Administrator, etc., of CAROLINE AMELIA BRUNDAGE,
Deceased, and of the Account of NATHAN A. SEAGLE and
THE FARMERS' LOAN AND TRUST COMPANY, as Executors
of and Trustees under the Last Will and Testament of Said
Deceased.

WILLIAM H. YOUNG, Appellant, Respondent; GERTRUDE A.
FORMAN and Others, Appellants, Respondents; NATHAN A.
SEAGLE and THE FARMERS' LOAN AND TRUST COMPANY,
as Executors and Trustees of the HOME FOR OLD MEN AND
AGED COUPLES, Respondents.

First Department, March 7, 1919.

Will — trust estates with remainders over and trusts in mortgaged
realty — direction to executors and trustees to pay mortgages —
when mortgages should be paid out of general estate — assets
insufficient to pay bequests and create trust funds — remainder
on death of life tenant should be applied to make up deficiency —
when no unlawful suspension of the power of alienation.

Where a will after cash bequests created trusts of a certain amount in
money, the income to be paid to life beneficiaries with remainders over,
and thereafter gave to certain beneficiaries the net income from mortgaged
real estate with remainders over and directed the executors and trustees
to pay all mortgages and gave to them a power of sale, and where the
estate consisted almost entirely of realty which was sold in order to create
the trust funds, the executors and trustees were properly directed to pay
the mortgages on the realty from the general estate and such mortgages
should not be paid by the life beneficiary of the mortgaged real estate.

Where the will created trust funds, income payable to certain beneficiaries
for life, the remainders to pass to the residuary estate and other remainders
to specific remaindermen, but on the conversion of the estate into cash
the amount thereof was only sufficient to pay forty-seven per cent of the
amounts named in the will, on the death of a life beneficiary the remainder
should be distributed to the other legatees who were not paid in full rather
than be paid into the residuary estate.  Such disposition of the remainder
does not offend the statute against the suspension of the power of alienation
for in any event there would be no suspension for a longer period than two
lives in being.

The question as to the disposition of the fund after the death of the second
life beneficiary is not decided.

APPEAL by William H. Young from part of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 22d day of December, 1917.

Appeal by Gertrude A. Forman and others from other parts of the same decree.

*David B. Simpson,* for the appellants, respondents, Gertrude A. Forman and others.

*John J. Crawford* of counsel [*Brush & Crawford,* attorneys], for the appellant, respondent, William H. Young.

*Frederick Geller* of counsel [*C. Alexander Capron* with him on the brief; *Geller, Rolston & Horan,* attorneys], for the respondents, executors and trustees.

*John G. Jackson,* for the respondent Home for Old Men and Aged Couples.

SMITH, J.:

The petition is for the settlement of an account of the executors and trustees under the will of Caroline Amelia Brundage, and for directions as to the application of such moneys as remained in a trust after the termination of a life estate. The will of Caroline Amelia Brundage, after several formal provisions, in the 5th provision gave certain specific bequests of specific personal property. The 6th provision in the will makes certain cash bequests to the extent of $53,000. These cash bequests were given to different persons and corporations. The 7th provision of the will creates different trusts to the amount of $180,000. These trusts provided for a life estate to be given to different persons and the remainders from certain of those life estates up to the sum of $100,000 were directed to pass to the residuary estate. Up to the amount of $80,000 the remainders went to certain specific remaindermen. In the 8th provision of the will four specific pieces of property were mentioned. (a) The first piece of property is given to Victorine Skidmore during her life and the remainder to her grandson. (b) As to the second piece of property, the net rents of 125 East Thirty-

fourth street are given to William Henry Young for his life and to his children if he leaves children, and if he leave no descendants, to the children of Gertrude Forman. Upon that piece of property there was a mortgage of $35,000. (c) The third piece of property was given to William Henry Young for life with remainder as in the second piece of property. (d) The fourth piece of property was given to William Henry Young absolutely. The 9th provision in the will contains the residuary clause, and is as follows:

" *Ninth.* The income of all the rest, residue and remainder of my property, both real and personal, wherever situated, and not herein otherwise specifically disposed of, I give, devise and bequeath to my nephew, William Henry Young, during his life; and on his death, the trust hereby created shall cease and said property shall be divided among his surviving children and the issue of any deceased child, *per stirpes.*"

The 10th clause of the will appoints the executors and trustees and contains this clause: " And I authorize and direct my said executors and trustees to keep all my estate in good order and repair, to pay all taxes, assessments or liens which may be assessed or levied thereon, to keep the same insured, to pay off all mortgages and incumbrances on real estate which may exist thereon at the time of my decease, and I also empower them to sell, mortgage or lease any or all of my property not herein specifically bequeathed, as they may from time to time deem best for the purpose of carrying out the provisions of this will."

Among the trusts under the 7th paragraph of the will is one providing for the payment to Mary E. Taylor of the income on $20,000 during her life and upon her death the sum of $5,000 was to go to a home and the sum of $15,000 should become part of the residuary estate.

At the death of Caroline Amelia Brundage she had practically no personal property but she had fourteen pieces of real estate, including the four pieces of real estate specified in the 8th paragraph of the will. There were mortgages upon all of these pieces of real estate, except the last two pieces of real estate mentioned in the 8th paragraph of the will, which were given to William H. Young. This real

estate was afterwards sold, all of it, except one piece of property which the executors and trustees have been unable, so far, to sell, and from the amounts realized after paying the incumbrances, there was found to be payable upon these different legacies only about forty-seven per cent of the amounts named in the will.

The first question arises under the appeal of Gertrude Forman. She appears as one of the beneficiaries under the trust created by the 7th clause in the will. The surrogate has determined that under the 10th clause of the will describing the powers of the executors the mortgages upon the first two pieces of property specified in paragraph 8 of $4,000 and $35,000 should be paid from the general estate. This determination is challenged by Gertrude Forman's appeal. She claims that the $35,000 mortgage upon the property specified in subdivision (b) of the 8th paragraph of the will, at 125 East Thirty-fourth street, should be paid by William Henry Young. There is nothing in the briefs which make any question as to the payment of the mortgage upon the property willed to Victorine Skidmore under subdivision (a) of the 8th paragraph of the will, nor is the decree questioned by Gertrude Forman's appeal as to the mortgage upon that piece of land.

I am of the opinion that the surrogate properly decided that the mortgage of $35,000 upon the property mentioned in subdivision (b) of the will, at 125 East Thirty-fourth street should be paid out of the general fund. Paragraph 10 of the will directed the trustees to pay all mortgages. The claim is that because there are other specifications or powers in that paragraph that are claimed to refer only to pieces of property not specifically devised, this provision must be limited to the ten pieces not mentioned in paragraph 8. It will be noticed, however, that subdivision (b), paragraph 8, does not give to William Henry Young a life estate in this property. He is only given the net income from the property, and as I read the will there is clearly an implied trust in these trustees to take this property and to keep it in good order and repair and to pay all taxes, assessments and liens, and practically all of the powers given to the trustees under paragraph 10 apply to this 125 East Thirty-fourth street, and it is only after the amounts thus paid by the trustees have

been deducted from the income that the net income is to be paid over to William Henry Young. All powers given under that paragraph are powers to be exercised with reference to this property as well as to the pieces of property that are to be sold to pay the cash legacies and to create the trust fund and the direction to pay all mortgages, therefore, includes the $35,000 mortgage upon the premises 125 East Thirty-fourth street.

*Second.* The appeal of William Henry Young presents a more difficult question. In the 7th clause of the will is a provision giving to Mary E. Taylor the income on $20,000 for her life, and upon her death the sum of $5,000 was to go to a home for old men and $15,000 was to go to the residuary estate. In the distribution there was found to be applicable to this trust the sum of $8,920.32. At the death of Mary E. Taylor there was paid $5,000 to the home and $3,920.32 is held by the trustee distributable among the other cash and trust legacies in order to make up, in part, the deficiency in the assets of the estate. The appeal does not question the payment of $5,000 to the home for old men, but does question the distribution of this $3,920 to these other legatees on the ground that the same should go direct to the residuary estate, under the 9th clause of the will. The surrogate has held otherwise on the theory that nothing goes to the residuary estate until the legacies are paid in full. (*Matter of Brundage,* 101 Misc. Rep. 528.) This he bases upon the authority of *Matter of Title Guarantee & Trust Company* (195 N. Y. 339), which holds that there is no residuary estate until the legacies are paid in full. In that case the testator left the fund in trust, the income to be paid to his wife, and provided that on her death such fund was to be paid into and form part of his residuary estate. He also provided that the several general legacies he had made, excepting therefrom the one to his wife and another, should, in case of a deficiency in his estate, be reduced *pro rata.* The estate was insufficient to pay such legacies in full and they were so reduced. *Held,* that, considering the whole will, it was the intention of the testator to treat the trust fund set apart for the benefit of the wife, in the event of her death, as a part of the residue of his estate, only after the payment of general legacies in

full, and that such trust fund must first be applied to the payment of the amount remaining due to the general legatees after the death of the wife. The case at bar is claimed to be distinguishable from the case cited on the ground that the carrying out of this rule would in this case lead to the suspension of the power of alienation for more than two lives in being. But no such result has followed by the decree challenged by this appeal, only one of the life beneficiaries having died at the time the executor filed this account. The distribution of this $3,920 in part to other life beneficiaries to make up the deficiency in the legacies in their behalf would create only a second life estate. What should be done with such part of the fund as goes to this second life beneficiary after his or her death is not a question that arises upon this accounting. Whether that fund should then go to make up the deficiencies in the cash legacies or should then go direct to the children of William H. Young as the remaindermen under the residuary clause, it is not necessary here to decide. If, however, the law will ignore the claims of residuary legatees until general legacies are paid in full, it would follow that at least these moneys, after the death of Mary E. Taylor, would not go to William H. Young for life. There is no question here between the cash legatees and the trustees as to the division of this sum, and as long as William H. Young is not interested in the sum until the general legacies are paid in full, he has no right to complain as to any distribution of the fund to make up the deficiency in the general legacies. In the case of *Tootal's Estate* (L. R. 2 Ch. Div. 628) the testatrix gave several life annuities and directed funds to be invested, producing an income sufficient to meet them. She bequeathed the residue of her estate, including the fund set apart to answer the said annuities when and so soon as such annuities shall respectively cease, to J. B. T. The estate was only sufficient to pay about five shillings in the pound on the legacies and the values of the life annuities, and under an order of the court the sums apportioned to the values of the life annuities were invested, and the dividends paid to the annuitants. On the death of one of the annuitants, J. B. T. applied for payment to him of the fund of which that annuitant had been receiving the income. It was held

by BACON, Vice-Chancellor, that. he was entitled thereto. It was held on appeal, however, that J. B. T. had only the ordinary rights of a residuary legatee, and could take nothing until the legacies and annuities had all been paid in full, and that his application must be dismissed. This case is further authority for the decree made, even though in England the two-life limitation does not apply.

The decree should be affirmed, with costs out of the fund to all parties appearing and filing briefs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Decree affirmed, with costs to all parties filing briefs herein payable out of the fund.