In the Matter of the Estate of CAROLINE A. BRUNDAGE, Deceased.

Surrogate's Court, New York County, May 8, 1937.

*Guggenheimer & Untermyer* [*Mitchell Salem Fisher* and *Raphael Brill* of counsel], for the estate of George L. Forman, deceased.

*Mitchell, Taylor, Capron & Marsh*, for the petitioners, accounting trustees.

*Louis A. Brown*, for George A. Arkwright, as substituted committee of George E. S. Stone, incompetent remainderman, objector.

*Frederick H. Comstock* [*William R. Conklin* and *Sperry Butler* of counsel], for Woman's Hospital of the State of New York, respondent.

*Joseph McCloskey*, special guardian.

*Paul E. Tuthill*, for Charles E. Forman (named in the will as Charles E. B. Forman), individually and as administrator, etc., of Gertrude A. Forman, deceased.

*Barr, Robbins & Palmer*, for the St. Luke's Hospital, respondent.

FOLEY, S. The will of this testatrix has been the subject of numerous constructions in judicial proceedings. Further questions have arisen in the present accounting proceeding requiring determination by the court. They involve the disposition of the principals of two trusts created by the will, for which the trustees are accounting.

(1) Under subdivision (e) of paragraph seventh of the will the testatrix gave " To Mrs. Gertrude L. Forman, the income on the sum of fifty thousand dollars ($50,000) during her life, and on her death, the sum of thirty thousand dollars ($30,000) thereof to become part of my residuary estate, and the sum of ten thousand dollars ($10,000) principal to go to each of her sons, George L. Forman and Charles E. B. Forman, if they are then living; but if either or both of them are dead, the share of such decedent to become part of my residuary estate."

Mrs. Forman died on November 14, 1934, thus terminating the trust. George L. Forman and Charles E. B. Forman, the remaindermen specifically named therein, survived her. The assets of the estate at the death of the testatrix were insufficient to satisfy the general legacies, and, together with other outright cash legacies provided for under paragraph sixth of the will, and legacies in trust contained in paragraph seventh, the trust for Mrs. Forman abated. At the time of its creation it was valued at approximately $22,000.

On behalf of Charles E. B. Forman and the estate of George L. Forman, who has since died, it is contended that the legacies to them of portions of the remainder are specific legacies of $10,000

each and that they are entitled to payment in full before any part of the $30,000 directed to become part of the residuary estate is paid. I find nothing in the will to support that contention. The general scheme of the will and the particular language used in the paragraph clearly contemplate that the remaindermen should receive fractional parts of the principal based upon the amount which each given share of the remainder bears to the total amount of such gifts. (*Matter of Low*, 232 App. Div. 414; affd., 257 N. Y. 613.) If these two legatees had been given outright legacies, payable from the remainder in fixed amounts, with the balance distributable to the residuary estate, their contention would have been sound. The will does not so provide. It anticipates the creation of a fund of $50,000. It anticipates a division of that fund by fifths. Instead of using the fraction, however, equivalent cash amounts based upon the capital of the anticipated fund were employed. The two brothers are each entitled to one-fifth of the capital of the fund, as actually set up, plus such accretions resulting from the redistribution of the gift of the residue, as might be used to restore the abatement. There is no indication whatsoever of any intention to prefer the gifts to them over the gift directed " to become part of my residuary estate." In fact, what they are contending for really amounts to a claim of preference not only over the bequest to the residuary estate under the Forman trust, but also over all other general pecuniary legacies and legacies in trust under the will. If they had been outright general legatees originally of the sums mentioned in the remainder provisions, instead of remaindermen, they would have received no more than they are now receiving. In other words, their legacies would have abated proportionately with the other legacies. They may not be preferred merely because payment of their legacies was postponed until the termination of the intervening life estate. The residuary estate was devised and bequeathed by the testatrix to her trustees for the benefit of her nephew, William H. Young, for life. The bequest to the residuary estate of a portion of the remainder of the Forman trust was apparently made with a view to increasing the benefits to the residuary beneficiary. Each gift of the remainder of the Forman trust is in the same class and no priority exists as between the participants. The shares abate in the same proportion in which the principal of the trust abated.

I hold, moreover, that the determination made in 1917 by Surrogate Fowler (*Matter of Brundage*, 101 Misc. 528), as to the disposition of the gift in remainder of $5,000 to the Home for Old Men and Aged Couples, under the trust for Mary E. Taylor under this will, is neither *res adjudicata* nor a precedent here, nor is it applicable to the present situation.

(2) A second question is presented as to the effect of the provisions of subdivision (1) of paragraph seventh of the will. There the gift was to " Mrs. Abby Vanderhoef, the income on the sum of five thousand dollars ($5,000), during her life; and on her death, the income on said sum shall be paid to her son, Edward A. Vanderhoef; and on his death, said principal sum shall become part of my residuary estate." Both of these life tenants have died. Under prior constructions of the will, the principal is now available for payment of the general legacies and trust funds which had previously abated for insufficiency of funds. (*Matter of Brundage*, 101 Misc. 528; affd., *sub nom. Matter of Farmers' Loan & Trust Co.*, 186 App. Div. 722; affd. and modfd., 226 N. Y. 691.)

It is proposed by the trustees that that portion of the remainder of the trust created for Gertrude L. Forman, which is directed to become part of the residuary estate, and that the remainder of the trust created for the benefit of Abby Vanderhoef and Edward A. Vanderhoef should be applied to the payment of the other general gifts bequeathed by the will, including the general legacies of cash, the continuing trusts and the trusts which have terminated and the remainders of which have vested in the issue of the life beneficiaries thereof, in proportion to the respective amounts fixed by the will. It is also proposed that the amounts received by the Forman trust from other trusts created under the will should be used in paying the shares of the general legatees of cash and the shares of Charles E. B. Forman and George L. Forman as the remaindermen of the Forman trust. It is further proposed that the funds under administration be so marshalled that each of the general legatees of cash, the trustees of the continuing trusts and remaindermen of the trusts which have terminated will receive an amount equal to his or its proportionate share in the Vanderhoef fund, together with an amount equal to his or its proportionate share in the portion of the Forman fund which is directed to become part of the residuary estate, and that the entire principal of the Vanderhoef fund be used in paying the amounts payable to the general pecuniary legatees. This plan of distribution of the remainders recommended by the trustees appears to be equitable and will be approved by the surrogate.

Submit decree on notice construing the will and settling the account in accordance with this decision.