In the Matter of the Accounting of JOHN S. SICKELS et al., as Executors of AMELIA E. CAMERON, Deceased, Respondents.

LILLIAN M. GORDON, as Legatee and Trustee under the Will of AMELIA E. CAMERON, Deceased, Appellant; ST. LUKE'S HOME FOR AGED WOMEN et al., Respondents.

Argued June 2, 1938; decided July 7, 1938.

*Samuel Edelstein* for appellant. It is required that the plain words and intent of the testatrix be effected. (*Matter of Merrill,* 208 App. Div. 649.) The trust principal having been preferred by the decree for the benefit of the life beneficiaries, it inures to the benefit of the remainderman. (*Matter of Reynolds,* 242 N. Y. 389.) The trust remainder passes to appellant either as a specific or demonstrative legacy and, therefore, does not abate with general legacies. (*Crawford* v. *McCarthy,* 159 N. Y. 514.) The remainder legacy should be preferred on account of services performed and to be performed in overseeing the maintenance of the beneficiaries. (*Matter of Lloyd,* 166 App. Div. 1; *Matter of Dougherty,* 64 Misc. Rep. 230; *Sherman* v. *Baker,* 20 R. I. 613; *First Nat. Bank* v. *Hessong,* 83 Ind. App. 531; *Owens* v. *Citizens Bank,* 177 Ga. 289; *Matter of McKay,* 5 Misc. Rep. 123; *Matter of Day,* 150 Misc. Rep. 691; *Borden* v. *Jenks,* 140 Mass. 562; *McLean* v. *Robertson,* 126 Mass. 537.) A trust remainder is a separate estate and devolves in the exact manner stated in the trust article. (*Matter of Brundage,* 101 Misc. Rep. 528; 186 App. Div. 722; 226 N. Y. 691; *Matter of Smallman,* 138 Misc. Rep. 889; *Matter of Baker,* 157 Misc. Rep. 904; *Matter of Rothman,* 140 Misc. Rep. 597.)

*Thomas A. Ryan* and *William Parsons* for Institute for Crippled and Disabled et al., respondents. The remainder of the trust legacy should not be preferred because the life interest in the trust legacy is entitled

to a preference. (*Lewin* v. *Lewin*, 2 Vesey's Rep. 414; *Blower* v. *Morret*, 2 Vesey's Rep. 419; *Bliven* v. *Seymour*, 88 N. Y. 469; *Matter of Neil*, 238 N. Y. 138; *Scofield* v. *Adams*, 12 Hun, 366; *Matter of Morris*, 6 Dem. 304; *Matter of Doblin*, 138 Misc. Rep. 876; *Matter of Ward*, 165 Misc. Rep. 165; *Matter of Brundage*, 163 Misc. Rep. 1; *Towle* v. *Swasey*, 106 Mass. 100; *Matter of Bixenstein*, 6 Penn. Dist. Rep. 19; 19 Penn. Co. Ct. Rep. 152; *Chester County Hospital* v. *Hayden*, 83 Md. 104; *Matter of Title G. & T. Co.*, 195 N. Y. 339.) The trust remainder does not pass to appellant either as a specific or demonstrative legacy. (*Crawford* v. *McCarthy*, 159 N. Y. 514; *Matter of Wenner*, 125 App. Div. 358; *Matter of Ward*, 165 Misc. Rep. 165.) To prefer a legacy on the ground that it was given for a consideration, that fact must be expressly stated in the will and the consideration must have existed at the death of the decedent or the legatee must prove the existence of a contract between him and the decedent by the terms of which the legacy given to him was to have received a priority over the other general legacies. (*Simpson* v. *Nicol*, 157 Va. 434; *Cole* v. *Niles*, 3 Hun, 326; 62 N. Y. 636; *Matter of Dougherty*, 64 Misc. Rep. 230; *Matthews* v. *Targarona*, 104 Md. 442; *Reynolds* v. *Reynolds*, 27 R. I. 520; *First Nat. Bank* v. *Hessong*, 83 Ind. App. 531; *Matter of Smallman*, 139 Misc. Rep. 501; *Clayton* v. *Aikin*, 38 Ga. 320; *Heron* v. *Heron*, 2 Atkyn's Rep. 171; *Matter of Clarke*, 158 Misc. Rep. 830; *Matter of Woodbury*, 40 Misc. Rep. 143; *Wood* v. *Vandenburgh*, 6 Paige Ch. 277; *Duncan* v. *Inhabitants of Township of Franklin*, 43 N. J. Eq. 143; *Davies* v. *Bush*, 1 Younge's Rep. 341.)

*Leland B. Duer* and *John de R. Storey* for New York League for the Hard of Hearing et al., respondents. Legacies are subject to *pro rata* abatement, in case of insufficiency of the estate, unless the will clearly discloses other intention on the part of the testatrix, or the legacies

are of such a character as to come within one of the few exceptions to the regular rule. (*Matter of Neil*, 238 N. Y. 138; *Scofield* v. *Adams*, 12 Hun, 366; *Matter of Ward*, 165 Misc. Rep. 165; *Matter of Fenton*, 250 App. Div. 771; *Matter of Parker*, 151 Misc. Rep. 394.) The remainder of the trust created by paragraph first of the codicil abates proportionately with the other general legacies. (*Scofield* v. *Adams*, 12 Hun, 366; *Matter of Morris*, 6 Dem. 304; *Matter of Ward*, 165 Misc. Rep. 165; *Matter of Doblin*, 138 Misc. Rep. 876; *Matter of Brundage*, 163 Misc. Rep. 1.) This trust remainder is not a specific legacy, but a general legacy and must abate, with the other general legacies. (*Matter of Crouse*, 244 N. Y. 400; *Matter of Security Trust Co.*, 221 N. Y. 213; *Matter of Hebbard*, 142 Misc. Rep. 41; *Matter of Delaney*, 133 App. Div. 409; 196 N. Y. 530; *Morris* v. *Sickly*, 133 N. Y. 456; *Tifft* v. *Porter*, 8 N. Y. 516; *Matter of Bouk*, 80 Misc. Rep. 196; *Matter of Malone*, 143 Misc. Rep. 657; *Matter of Dewint*, 161 Misc. Rep. 398; *Matter of Freeman*, 139 Misc. Rep. 301; *Matter of Brundage*, 163 Misc. Rep. 1; *Scofield* v. *Adams*, 12 Hun, 366.) The appellant's bequest was not to compensate her for services rendered or to be rendered. (*Matter of Smallman*, 139 Misc. Rep. 501; *McNulty* v. *Hurd*, 86 N. Y. 547; *Mayer* v. *Monzo*, 221 N. Y. 442; *Matter of Hyde*, 218 N. Y. 55; *Matter of Brigg*, 39 App. Div. 485; 165 N. Y. 673.)

*Nelson P. Bonney* for Samuel D. Chapin, respondent. The remainder interests in the legacy to appellant should abate proportionately with the other general legacies. (*Matter of Neil*, 238 N. Y. 138; *Matter of Hinman*, 32 Misc. Rep. 536; *Bliven* v. *Seymour*, 88 N. Y. 469; *Matter of Dougherty*, 64 Misc. Rep. 230; *Morris* v. *Sickly*, 133 N. Y. 456; *Matter of Porter*, 151 Misc. Rep. 179; *Matter of Schaaf*, 120 Misc. Rep. 292; *Matter of Wait*, 148 Misc. Rep. 920; *Matter of Wenner*, 125 App. Div. 358; *Matter of Williams*, 27 Misc. Rep. 716; *Matter of Collins*, 3 Dem. 374; *Matter of Williams*, 1 Redfield Surr. Prac. 228.)

*Edward W. Stitt, Jr., Charles F. Krause, Jr.,* and *Robert P. Levis* for Helen P. Schwarzwaelder et al., respondents. The remainder of the trust created by article first of the codicil is a general legacy and abates *pro rata* with other general legacies after the death of the income beneficiaries thereof. (*Matter of Smallman,* 139 Misc. Rep. 501.) The fact that the life interest in the trust has been preferred does not *ipso facto* prefer the remainder. (*Matter of Wenner,* 125 App. Div. 358 [dis. op.].)

*George B. Brooks* for St. Luke's Home for Aged Women, respondent. There is neither an express nor an implied intention to prefer the appellant's legacy. (*Reynolds* v. *Robinson,* 82 N. Y. 103; *Matter of Neil,* 238 N. Y. 138.) The gift was neither a specific nor a demonstrative legacy. (*Matter of Smallman,* 138 Misc. Rep. 889.) The gift cannot be considered as preferred because of services performed or to be performed. (*Reynolds* v. *Robinson,* 82 N. Y. 103; *Matter of Smallman,* 139 Misc. Rep. 501.) The fact that appellant is entitled to the remainder of a trust set up in full for preferred life beneficiaries does not prevent abatement upon their death. (*Scofield* v. *Adams,* 12 Hun, 366; *Matter of Brundage,* 163 Misc. Rep. 1; *Matter of Doblin,* 138 Misc. Rep. 876; *Towle* v. *Swasey,* 106 Mass. 100.)

FINCH, J. Amelia E. Cameron, the decedent herein, died on October 6, 1931, leaving a last will and testament and a codicil thereto. Article first of the codicil provided as follows:

"*First.* I revoke article 'Seventh' of my said will and in lieu thereof I give and bequeath the sum of Twenty five thousand ($25,000) Dollars to my cousin Lillian Gordon in Trust to invest and keep the same invested and to pay and apply the net income therefrom to and for the support and maintenance of Ellen Cameron and John Cameron during their lives and on the death of

both of them I give and bequeath the principal of said trust to Lillian Gordon absolutely."

The decedent in addition to this legacy gave other general legacies totaling approximately $220,000. The respondents, Institute for Crippled and Disabled,, New York Protestant Episcopal Mission Society, and Relief of the Destitute Blind, are general legatees. The net assets of the estate of the decedent consisted of approximately $45,000 in personalty and unliquidated real estate valued at $140,000. Therefore, the assets of the estate were not sufficient to satisfy all of the general legacies.

On the executors' accounting in the Surrogate's Court it was conceded by the parties that the life interest in the $25,000 legacy for the support and maintenance of Ellen Cameron (John Cameron having predeceased the testatrix) should receive a preference since Ellen Cameron was a first cousin of the decedent and the legacy was expressly given for her support and maintenance. Lillian M. Gordon, the appellant herein, maintained on the accounting that her remainder interest in the trust should also receive a preference.

The Surrogate held that the claim of preference made by the appellant was without merit, and provided in the decree on the accounting that the remainder of this legacy should abate proportionately with the other general legacies. The Appellate Division unanimously affirmed, and the case is here by permission of this court.

The primary question to be determined is whether, since it is not questioned that the life beneficiaries are to be preferred a like preference enures to the benefit of the remainderman. In *Matter of Reynolds* (242 N. Y. 389) we held that both the life interests and the remainders were to be preferred. That decision, however, was based on the conclusion that the language of the will specifically provided for both preferences.

A fundamental rule in the construction of wills requires that when the assets of the estate are insufficient to pay all general legacies in full, in the absence of a contrary intent shown by the will, all legacies abate proportionately. (*Matter of Neil*, 238 N. Y. 138.) Equality is the rule and preference the exception. Three exceptions have grown up to the application of this principle. The first originated through a holding that where the legacy was for the maintenance of the children of the decedent, from this fact an intent could be found to create a preference. (*Lewin* v. *Lewin*, 2 Ves. Sr. 415.) This exception has grown to include a gift for the support and maintenance or education of other near relatives otherwise unprovided for. The second exception originated in a holding by Lord HARDWICKE, the same jurist as in the case of *Lewin* v. *Lewin* (*supra*), that a legacy to a widow, which was given in lieu of dower, should receive a preference on the ground that such a legatee took as a purchaser. (*Blower* v. *Morret*, 2 Ves. Sr. 420.) The third exception is really an outgrowth of the second, holding that a legacy should be preferred which is given for a valid consideration, the legatee thereby likewise becoming a purchaser. Within this class is said to be a preference granted because the legatee is able to show the existence of a contract between him and the testator, by the terms of which the legacy is to receive a preference. (*Simpson* v. *Nicol*, 157 Va. 434.) These three exceptions to the fundamental rule of abatement as applied to general legacies have been recognized by the courts of New York. (*Bliven* v. *Seymour*, 88 N. Y. 469.)

The appellant does not come within any of these exceptions, since she was only a second cousin of the testatrix and, in any event, the remainder was not given for support and maintenance.

The question presented upon this appeal is whether we should add to the above exceptions, by a holding that where a trust is directed to be set up and the income

for the life beneficiaries has been held to be preferred, that the gift of the corpus of this trust fund to the trustee, after the termination of the life estate also is to be preferred. There is no direct authority in this court. The Surrogates have adopted conflicting views. The question apparently arose first in this State in the case of *Scofield* v. *Adams* (12 Hun, 366) where it was decided that the gift of such a remainder was general in character and subject to abatement in common with the other general legacies. In other jurisdictions where the question has arisen, the courts seem to be in accord with this view (*Towle* v. *Swasey*, 106 Mass. 100; *Bixenstein's Estate,* 6 Penn. Dist. Rep. 19. Cf. *Chester County Hospital* v. *Hayden*, 83 Md. 104.) In *Matter of Brundage* (101 Misc. Rep. 528) the affirmance by the Appellate Division and the modification by the Court of Appeals (186 App. Div. 722; 226 N. Y. 691) did not pass on this question, since no appeal was taken from a grant of preference to a remainderman.

Starting with the settled principle that all general legacies abate *pro rata*, except in so far as there is found in the will sufficient intent to provide a preference, upon what grounds may the remainder in this will be preferred? Here we have two gifts, one of income and one of remainder. If there is a gift of income, and a preference thereof is not questioned, does this compel the same holding of a preference with respect to the corpus of the trust from which the income is derived? The argument that a preference should be granted to the remainder on the ground that there is here a specific or demonstrative legacy, cannot be sustained. A specific legacy is a bequest of a definite part of the personal estate of a testator as distinguished from other property of the same kind. A demonstrative legacy is a bequest of a specific sum of money, stock or something similar, payable out of a particular fund or security. (*Crawford* v. *McCarthy*, 159 N. Y. 514.) The gift of this remainder

was neither. It was not a gift of an earmarked fund, certainly not until the trust was set up. Nor could it be reasonably claimed that if the beneficiaries had predeceased the testatrix the remainderman could have successfully claimed a preference. If the language creating this remainder would not be sufficient to establish a preference in the remainderman, if the life tenants had predeceased the testatrix, then no specific or demonstrative legacy has been established, since as to specific gifts it is well established that a will speaks as of the time of its execution, and the will is not ambulatory as to the meaning of the language used. (*Morris* v. *Sickly*, 133 N. Y. 456, 459, 460.) Moreover, in answer to the contention that the remainder was earmarked because of a setting up of the trust, this setting up was only occasioned because the gift of income was preferred. By the terms of the will the testatrix did not make the corpus of the trust a specific legacy, nor did she charge it upon any particular fund, as would have been the case if it had been a demonstrative legacy. This legacy of the remainder, therefore, not being a specific bequest or charged upon any specific fund, does not come within the classification of a specific or demonstrative legacy.

May a preference be granted on the ground that the service performed and to be performed in overseeing the maintenance of the beneficiaries gives a preference to this legacy upon the ground of a valid consideration? In order to prefer a legacy upon this ground, it is well established that it must be expressly stated in the will that the legacy was given for a consideration. To constitute a legatee a purchaser, such legatee must have had a subsisting right at the death of the decedent, or must have given up some right actually in existence as a legal claim at the time the will took effect, or there must appear from the face of the will facts from which a promissory estoppel may arise. If all these are lacking, the legatee may still have a preference if he can show

the existence of a contract between him and the decedent by the terms of which the legacy was to receive a preference. (*Simpson* v. *Nicol*, 157 Va. 434.) In the case at bar it is true that the appellant apparently rendered services after the death of the testatrix. The claim made by the appellant, however, is a claim under the will, and is not a claim as a creditor against the estate of the decedent. This legatee is claiming the remainder of the trust as given to her in consideration of past services rendered and in consideration of her care of the life beneficiary of the trust and its administration. There is nothing, however, in the language of the will making the gift of the remainder at all dependent upon the rendition of these services. Services so rendered cannot be held otherwise than voluntary, and obviously cannot be a basis for claiming that the testatrix intended as a return therefor to grant the appellant a preference. Nor is there any evidence of a contractual relation between the testatrix and the appellant. So far as appears from the terms of this will, there have been required of this trustee only the ordinary trust duties, and no more. In this will there is nothing to show any intent to prefer this remainderman, except the mere fact that a trust was created the income of which was preferred. Were we to hold that in such a case a gift of the corpus must be preferred as a matter of law, we would not only be disregarding the equitable principle that where the estate is insufficient all general legacies must abate proportionately, but we would be writing a new will and substituting an arbitrary intent where none appears in the instrument.

It follows that neither the terms of the will nor any rule of presumed intention or of law permits this remainder to be preferred over the other general legacies.

The order should be affirmed, with costs.

LEHMAN, J. (dissenting). The testatrix bequeathed to Ellen Cameron and John Cameron the net income of a trust fund of $25,000 during their lives, and the principal

of said trust to Lillian Gordon. The decree of the Surrogate adjudges that it was the intention of the testatrix that the "trust legacy, given by article 'First' of her codicil, for the support of Ellen Cameron and John Cameron during their lives, receive preferential payment over the general legacies * * * and that * * * the life beneficiaries of said trust legacy are entitled to have applied for their support and maintenance a sum equal to interest on said trust legacy computed at the rate of six (6%) per centum per annum from October 6th, 1932, a date one year after the death of the testatrix, until said trust legacy is paid in full * * *; but that it was not the intention of said testatrix that the remainder interest given by said article 'First' of said codicil be preferred over other general legacies, and accordingly on the falling in of said trust life estate, the said legacy in remainder shall abate proportionately with the other general legacies in the event that the estate of the decedent shall be insufficient to pay all of said general legacies, in full, with interest."

The testatrix did not bequeath to the life beneficiaries an annuity of $1,500 per annum, or six per cent on $25,000, but only the income of a trust fund of $25,000. To carry out the provisions of the will, a trust fund of $25,000 must be set aside, and the life beneficiaries are entitled to the income of that fund, not more nor less. If part of the trust fund is lost, then the life beneficiaries would under the will receive only the income of what remained. So the testatrix provided in her will, and the courts may not make a different will for her.

Because of probable deficiency in the assets of the estate, it may prove impossible to carry out in full all the provisions of her will. The courts in that event may give effect to the putative intention of the testatrix to give preference to the provision she made in her will for the support of the life beneficiaries. That can be done only by setting up a trust fund of $25,000 and paying

the income of that fund to the life beneficiaries. The executors of the estate would not be authorized by the will to pay to the beneficiaries an annuity of six per cent on $25,000. Their duty under the will is to pay over the $25,000 to the trustee if the assets of the estate are sufficient for that, and the courts may not direct them to do more.

What is to become of the principal of the trust estate after the death of the life beneficiaries? The testatrix provided in her will that it should go to the appellant. The will may not show any intent to prefer the remainderman over other beneficiaries, but it was the clearly expressed intention of the testatrix that the remainder of the trust fund should go to her. If the trust fund increased in value she alone would benefit by the increase. If loss occurred, she alone would bear the loss. So the testatrix has provided, but the courts now assume to decree otherwise. They say that upon the death of the life beneficiaries the trust fund shall revert to the estate, though the testatrix has provided that it shall belong to the appellant, and that, subject to abatement proportionately with the other legacies, she shall receive a general legacy of $25,000 in place of the remainder in the trust fund bequeathed to her by the will. The appellant is entitled to the remainder of the trust fund of $25,000 after the death of the life beneficiaries. If by reason of deficiency of assets in the estate, there had been an abatement in the amount of the trust fund, or loss occurring after the trust fund is established, her remainder would of course be limited to the diminished fund, but whether the fund be large or small, the appellant is entitled to receive that fund after the death of the life beneficiaries.

The order of the Appellate Division should be modified accordingly.

O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur with FINCH, J.; LEHMAN, J., dissents in opinion; CRANE, Ch. J., taking no part.

Order affirmed.