John D. Bennett, S.
Incidental to this accounting, the representative seeks instructions as to the provisions of paragraph Ninth of the will, which reads as follows: “ I give and bequeath unto my said Executor, John W. Hendrickson, the sum of Five Hundred Dollars ($500.00), in trust nevertheless, to invest the same, and the net income thereof to be used and applied for the care of the Coombs Burial Plot aforesaid.”
By decree of this court dated December 13,1929, the petitioner received the sum of $500 as the corpus of the trust. Since that time the income of the trust was used for the maintenance of the burial plot up until a few years ago when the income proved inadequate. For all practical purposes the burial ground has been abandoned, and is in a state of disrepair.
*739 The Town of Hempstead having been cited appeared herein, and by resolution No. 1674 of 1957 adopted August 27, 1957 declared the burial ground to be vested in the town pursuant to the provisions of subdivision 1 of section 291 of the Town Law.
The question is the proper disposition of the fund consisting of the remaining principal and income of the trust. There is no question but that the income had become insufficient to properly care for the burial plot, and since the town has taken over the care and control of the plot, the purpose of the trust fund has ceased.
According to section 13-a of the Personal Property Law, a bequest in trust for the perpetual care in cemeteries of private burial lots shall be deemed to be for a charitable and benevolent use (see, also, Matter of Brundage, 101 Misc. 528, 538).
The above set of facts presents a situation wherein the court in its discretion may apply the cy pres doctrine embodied in statutory form in subdivision 2 of section 12 of the Personal Property Law. This doctrine is succintly stated in the following language: “ Cy pres is a doctrine of approximation. It is basically a rule of judicial construction. Its design and purpose are to aid the court to ascertain and carry out the intentions of the donor, as nearly as may be. The statutes mentioned supra provide, generally speaking, that whenever it shall' appear to the court that circumstances have so changed since the execution of the instrument containing the gift for charitable purposes as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may direct that such gift shall be administered or expended in such manner as will most effectively accomplish the donor’s purpose.” (Matter of Heckscher, 131 N. Y. S. 2d 191, 194.)
The court holds that the purposes of the trust will best be served by applying the cy pres doctrine to the facts herein presented, and that the transfer of the remaining fund to the Town of Hempstead will most nearly approximate the intent and purpose of the testator.
In an opinion released by the State Comptroller (3 Op. St. Comp. Relating to Municipal Govt., 1947, p. 273) a town may accept sums of money which an association holds for cemetery purposes where the upkeep of such cemetery has become the duty of the town. The Attorney-General of the State of New York consents that the fund be transferred to the Town of Hempstead. A transfer is therefore directed to be made to the Town of Hempstead.
The account will be settled as filed.
Settle decree on five days’ notice.