## (November 8, 1973)

In the Matter of the Final Accounting of ANNA MICRONI, as Executrix of ANNA CHICKERELL, Deceased. ROSE RIZZO et al., Appellants. NICHOLAS CHICKERELL et al., Respondents.—Appeal from so much of a decree of the Surrogate's Court of Otsego County, entered August 7, 1972, as decreed that certain property located at 37 Main Street, Oneonta, New York, passed by will to respondent, Nicholas Chickerell. On January 13, 1968, Anna Chickerell died testate, leaving as her distributees five children and the issue of a predeceased child. At the time she executed her will on March 9, 1962, and when she died, she owned various parcels of real estate within the City of Oneonta, each of which was specifically devised by her to different members of her family. Of particular interest on this appeal are paragraph "Fourth" of her will by which she gave to her son, Nicholas Chickerell, "the gas station and extra lot located at the corner of Main and River Streets in Oneonta, New York", and paragraph "Ninth" by which she gave the residuary of her estate "to my children surviving me, equally", share and share alike. The property referred to in paragraph "Fourth" had been leased to the Shell Oil Company since December 20, 1960. Shell, desiring to enlarge and modernize the service station, entered into negotiations with the testatrix early in 1967 for a new lease which would include the adjoining premises at 37 Main Street, known as the Sweeney property. Thereafter, Shell secured and later exercised an option to purchase the Sweeney property and, on November 6, 1967, assigned the exercised option to the testatrix supplying her with the $19,000 purchase price. At approximately this same time, a new lease, which included the Sweeney property, was worked out between the testatrix and Shell. It provided for the demolition of the existing gas station and for the erection of a new station on both the specifically devised real property of paragraph "Fourth" and the after-acquired Sweeney property. On December 13, 1967, this lease was accepted and duly executed on behalf of Shell. Prior to the closing of title on the Sweeney property, the testatrix died. Her executrix, however, with the consent of Shell, proceeded with the purchase which was completed on March 1, 1968. Construction of the new station was finished by May 28 of that year, and the initial term of the new lease commenced on the following June 1. In her final accounting, the executrix treated the gas station premises, including the after-acquired property, as being devised to respondent, Nicholas Chickerell, pursuant to paragraph "Fourth" of the will. Appellants, however, being beneficiaries of the residuary estate, objected on the ground that this after-acquired property passed by means of the will's residuary clause. The Surrogate dismissed their objection by decision dated June 27, 1972. Two issues are raised on this appeal: did the testatrix dispose of the Sweeney property to her son Nicholas by paragraph "Fourth" of her will and did the new

lease between the testatrix and Shell cause a partial ademption of the specific devise to Nicholas? We answer both these questions in the negative. It is clear that paragraph "Fourth" of the will is a specific devise (EPTL 1–2.16), which speaks as of the time of its execution (*Matter of Cameron*, 278 N. Y. 352; *Matter of Henderson*, 197 Misc. 468). It would, therefore, encompass only property which testatrix owned at the time of its execution, "the gas station and extra lot located at the corner of Main and River Streets". In contrast, testatrix' interest in the Sweeney property at her death would pass under paragraph "Ninth" of the will, its residuary clause, which has as a basic purpose the disposition of anything whatever, foreseen or unforeseen, that might fall to an estate after the date of the will and belong to the testatrix, however unexpectedly, at the moment of her death (*Albany Hosp.* v. *Albany Guardian Soc.*, 214 N. Y. 435). Such clauses manifest an intention that the gift be a dragnet that will cover every interest not effectively disposed of otherwise, as with the Sweeney property here (*Oliver* v. *Wells*, 254 N. Y. 451). This property, therefore, passed to testatrix' residuary beneficiaries, her surviving children. A partial ademption of Nicholas' specific devise could only have occurred if the precise property given to him by the will was not available for disposition at testatrix' death (*Matter of Wright*, 7 N Y 2d 365). However, since the property was available, Nicholas takes it, only subject to the contract right of Shell to destroy the gas station and erect a new one on Nicholas' specific devise and the Sweeney property (EPTL 3–4.2). Decree, insofar as appealed from, reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith, with one bill of costs to appellants payable out of the estate. Herlihy, P. J., Staley, Jr., Cooke, Kane and Main, JJ., concur.