In the Matter of the Estate of REBECCA MENDEL, Deceased.

Surrogate's Court, New York County, June 4, 1931.

*Proskauer, Rose & Paskus* [*George F. Kurzman* and *Bernard D. Lang* of counsel], for the executors.

*Strasbourger & Shalleck*, for Congregation Ahawath Chesed Shaar Hashomayim.

FOLEY, S. In this accounting proceeding a question arises as to the duty of the executors under the provisions of paragraph 3 of the will. By its provisions the executors were given certain shares of stock to be held in trust by them, with directions to pay the income for the up-keep and care of the graves of the parents of the decedent in Linden Hills Cemetery. On the sale of the stock the executors were authorized to pay to the cemetery the proceeds for the perpetual care and up-keep of these graves. The will was executed on March 2, 1925. Between the time of the execution of the will and the death of the decedent here, her brother, Henry

Glick, died. In his will he provided for the construction of a mausoleum in the same cemetery upon the plot in which the parents were buried. His executrix completed the mausoleum, and pursuant to the directions in Henry's will, transferred the bodies of the parents to it. The executrix and the cemetery entered into a formal agreement by which $1,200 was paid from his estate to the cemetery for the maintenance and care, in perpetuity, of the mausoleum and the plot.

These changed conditions, I hold, nullified the further provisions for the care of the graves contained in the will of Mrs. Mendel, the testatrix here. Her desire, as expressed in her will, has been completely taken care of by her brother and the representative of his estate. The bequest was for a specific purpose. That purpose had already been accomplished. Under these circumstances the trust failed and the moneys cannot be paid over to the cemetery as an additional provision or legacy.

It should be noted that section 13-a of the Personal Property Law (as amd. by Laws of 1930, chap. 130), which relates to the care of cemetery lots, subjects a legacy for that purpose to the test of reasonableness by the court. Under that section, therefore, if the legacy or trust provision be unnecessary by reason of an adequate provision already made, it may be dispensed with by the surrogate. Where it is excessive it may be reduced to a reasonable sum.

I hold that the property or proceeds within the fund passed under the residuary clause of the will. Submit decree on notice construing the will and settling the account accordingly.