In the Matter of the Estate of ANNA E. ADLER, Deceased.

Surrogate's Court, New York County, January 13, 1938.

*Cornell S. Dikeman,* for the executors.

*Lachman & Goldsmith,* for the Congregation Rodolph Sholom.

FOLEY, S. In this proceeding a construction of the terms and effect of paragraph second of the will is sought. It reads: " I give and bequeath unto Rodolph Sholom Congregation, the sum of One thousand dollars ($1,000), *in trust, nevertheless,* the income to be applied for the perpetual care and maintenance of my cemetery plot No. 34 in Daniel Webster Lodge Grounds, Union Field Cemetery." The will was executed by the testatrix on December 20, 1935. It will be noted that the language refers to " my plot." The actual fact was that the plot was owned by the husband of the testatrix. After the execution of her will she changed her mind as to the place where she desired to be interred. She expressed

an aversion against being buried in Union Field Cemetery. She gave specific instructions that a certain type of crypt should be erected above the ground on the plot selected for her. Pursuant to these directions a plot was purchased, after her death, in Cypress Hills Cemetery  The crypt was erected and her body placed in it. Arrangement has been made for the interment of her husband in a similar crypt upon the same plot. The plot in Union Field Cemetery has never been used for the burial of any person, and the husband disclaims any intention to employ the plot for any member of his family. He has attempted to sell it, but the conditions and the strict limitations placed upon the class of persons who may be buried in it have prevented its sale.

Regardless of these facts, the cemetery named in the will asserts that the legacy is a valid and effective gift to it. The changed conditions, I hold, nullify the legacy. It was the clear intention of Mrs. Adler that the legacy was conditional upon the burial of her body in the plot specifically described by her. Section 13-a of the Personal Property Law, which relates to the care of cemetery plots, subjects a legacy or trust for that purpose to the test of reasonableness by the court. If the amount named in the will is more than sufficient to provide for the perpetual care of the cemetery lot it may be reduced to a reasonable sum. (*Matter of Brundage*, FOWLER, S., 101 Misc. 528, at p. 537; affd., 186 App. Div. 722; modfd. as to other issues, 226 N. Y. 691.) If the purpose has wholly failed by interment in another place, the intent to revoke follows as a necessary conclusion. In some instances, however, the fund may be used for the perpetual care of the actual burial place by the application of the doctrine of *cy pres*. In *Matter of Mendel* (140 Misc. 719) a somewhat similar situation was presented to me. There the testatrix created a trust with direction to pay the income for the upkeep of the graves of her parents. After the execution of the will and before the death of the testatrix her brother had provided in his will for the construction of a mausoleum upon the same plot, and the bodies of the parents were placed in it. The necessary fund for the perpetual care of the mausoleum and the plot was paid by his executrix. Under these changed conditions the surrogate held that the further provision for the perpetual care under the will of the testatrix became unnecessary. The trust failed, and the cemetery was not entitled to the payment of the income.

I hold, therefore, that the legacy to the corporation which owned the cemetery named in the will never became effective. Submit decree on notice construing the will accordingly.