In the Matter of the Accounting of ARTHUR J. McQUADE, Acting Public Administrator of the County of New York, as Temporary Administrator and Administrator C. T. A. of ESTHER CARNEY, Deceased.

Surrogate's Court, New York County, May 3, 1954.

*Joseph T. Arenson* for temporary administrator and administrator *c. t. a.*, petitioner.

*William J. Foley* for James Carney and others, respondents.

*George B. Fargis* for James E. McLarney & Son, Inc., respondent.

*Gillespie & O'Connor* for Trustees of St. Patrick's Cathedral, respondent.

*Nathaniel L. Goldstein, Attorney-General (Flavius N. Costerella* of counsel), for indefinite and uncertain beneficiaries, respondent.

COLLINS, S. Upon the proof adduced at the hearing the court holds that the objectants have established their status as the only distributees of the decedent. Their right to share in this estate will depend upon the effect given to the directions contained in paragraph eighth of the will which provided: " I direct my executors to use the balance of my estate for the keeping of my grave and to use the money as they shall see fit for same." The court holds that the testamentary direction does not constitute an unequivocal and explicit direction to appropriate the entire residuary estate for the maintenance of the grave of the decedent. It is well settled that in the absence of an express and unambiguous direction the court retains control over the amount that will be allowed to be expended for funeral costs and maintenance of cemetery plots.

The decision in *Matter of Baeuchle* (82 N. Y. S. 2d 371, affd. 276 App. Div. 925, affd. 301 N. Y. 582) is not to the contrary. In that case the testatrix bequeathed her entire residuary estate without condition to her trustees for the purpose of erecting a mausoleum and providing funds for its maintenance. Approximately $150,000 was available for the purpose specified. Sur-

rogate SAVARESE reviewed the authorities and held that because the language of gift was explicit and admitted of no other interpretation, the entire sum was to be devoted to the purpose specified by the testatrix.

In the will here, a different situation is presented for the testatrix made no gift of the residuary estate to her representatives but merely directed that the estate was to be applied for the purpose of " keeping of my grave  *  *  *  as they shall see fit." The trustees of St. Patrick's Cathedral, who maintain the cemetery in which the decedent was buried, have agreed that the sum of $1,000 would be sufficient to provide for perpetual care. In the light of these circumstances the representative of the estate will be authorized to enter into an agreement with the cemetery authorities to provide for such care upon the terms fixed by their concession. The authority of the fiduciary to discharge in this fashion the obligation imposed by the will is clear under the authorities. (*Matter of Arrowsmith,* 162 App. Div. 623, affd. 213 N. Y. 704, where the court distinguished between a gift to the fiduciaries and a direction for payment of funeral expenses and the cost of perpetual care; *Matter of Turk,* 128 Misc. 803; see note, 55 A. L. R. 1303.)

The agreement of the objectants as noted on the record to the payment of the sum of $250, plus his disbursements, to Martin J. Lutz for legal services is approved.

The objections of James E. McLarney and Sons, Inc., are sustained.

Submit decree on notice settling the account in accordance with the foregoing and directing that the balance of the estate remaining after the payment of the sum of $1,000 for perpetual care of the grave of decedent shall be distributed to the objectants as intestate property.