Joseph A. Cox, S.
The petitioner herein has made application to this court for construction of article eerst of the decedent’s last will and testament. The pertinent language to be construed reads as follows:
‘ ‘ I direct that approximately eight thousand dollars ($8,000) of my estate after the payment of my debts be devoted to my funeral expenses, including the following which I authorize and direct my executors to incur and pay:
“ a. The funeral expenses of Frank E. Campbell, ‘ The Funeral Church, Inc. ’ * * * or such other funeral director my executors may employ as they deem appropriate, to conduct my funeral * # *
“ b. The sum necessary to have my remains interred in the Ferncliff Cemetery Mausoleum Receiving Vault in the Town of Greenburgh, Westchester County, New York, and to pay all charges in connection therewith, and
“ c. Within a reasonable time after such interment to purchase in the Ferncliff Cemetery Mausoleum a de luxe crypt where my remains shall be permanently interred.”
The petition alleges and is supported by a letter from the directors of Ferncliff Cemetery Mausoleum Co., Inc. that the cost of the most desirable single crypt available at Ferncliff is $1,750. The petitioner further alleges that the total cost of interment of the decedent including the cost of the crypt will not exceed $3,000. A private memorial room at Ferncliff would cost $21,500. The net estate before payment of funeral expenses will be approximately $14,000.
A testator has the absolute right to dispose of his estate in any manner so long as such disposition is not contrary to law. In Matter of Baeuchle (82 N. Y. S. 2d 371, affd. 276 App. Div. 925, affd. 301 N. Y. 582) the court held that where the will disclosed *751 the specific and clear intent of the testatrix to devote her entire residuary estate for the purpose of erecting a mausoleum and providing funds for its maintenance, the court was powerless to change or revise the will and the entire sum (approximately $150,000) was to be devoted to the purpose specified by the testatrix.
The question to be determined, therefore, is whether the direction contained in the will of the decedent is so direct and explicit as to require the executor to expend the full sum of $8,000 for funeral expenses or whether a lesser sum may be expended.
In the case at bar, the will contains no bequest of any specific sum to be expended for funeral expenses but merely a direction that the executor expend and devote an approximate sum for funeral expenses. In Matter of Carney (206 Misc. 261) a case almost on all fours with the one at bar, the court held that as the testatrix had made no gift to her representatives of the residuary estate but merely directed that said residuary estate be applied for the purpose “ of ‘ keeping my grave ’ ”, this was not an unequivocal and explicit direction requiring the executors to use the entire residuary estate for that purpose.
It should also be noted that the testator used the term 11 approximately $8,000.” It must be presumed therefore that the testator did not know what the exact cost would be for the purchase of the crypt and his interment and meant that his executor expend up to $8,000 for those purposes.
As it is impossible to spend that much for the purposes specified and as the estate is insufficient to allow the building of a private memorial room at a cost of $21,500, the court concludes that the language employed by the testator is not so explicit as to require the executor to expend the full sum directed for funeral expenses. Instead the executor is directed to purchase the best available single crypt at Ferncliff: Cemetery Mausoleum and to expend a total sum not exceeding $3,000 to carry out the wishes of the decedent with respect to his interment. (Matter of Carney, supra; Matter of Labriola, 82 N. Y. S. 2d 378; Emans v. Hickman, 12 Hun 425; Matter of Brundage, 101 Misc. 528; Matter of Turk, 128 Misc. 803; Matter of Devine, 147 Misc. 273.) The balance remaining in the executor’s hands after the above expenditure is part of the residuary estate and will be distributed accordingly.
Submit decree construing the will accordingly.