Matter of the Estate of JAMES B. KISSAM, Deceased.

(Surrogate's Court, New York County, January, 1921.)

*Wills — construction of — when remainder must be construed as a contingent gift to a class.*

PROCEEDING for the construction of a will.

Phillips & Avery (S. W. Linington, of counsel), for executors and Anne K. Hays.

Stark B. Ferriss, for John C. Knox as executor, etc., and for Cornelia B. Kissam individually and as executrix.

George O. Redington (George O. Redington and Guy Hughes Riegel, of counsel), for Coulthard Kissam et al.

Robert H. Hibbard, for Ellen Mayne Hays.

McLean & Hayward (Edward A. Freshman, of counsel), for Mary C. Holly.

Valentine & Chichester (Edwin F. Valentine, of counsel), for Tate & Hays, as assignees.

FOLEY, S. On this accounting a question of construction of the will arises. The testator died April

26, 1885, and his will was proved in this court May 22, 1885. Separate trust funds were created for the benefit of the testator's six children. The trust fund created for the testator's daughter, Lucy E. Reynolds, by paragraphs 7 and 10 of the will, is the only one involved in this proceeding. By the first part of paragraph 7 the testator created a life estate for the benefit of his daughter Lucy in a one-sixth part of all the residue and remainder of his estate, with the net income to her during her life. The will then provides: " Upon the death of both my said daughter and her said husband I give, devise and bequeath the said one equal sixth part of the said rest, residue and remainder of my estate, with all accumulations and· income, interest and profits thereon, to her children living at the time of the death of my said daughter and her said husband, and to the issue of any deceased child of hers, in equal parts, said issue to take the part to which their parent would have been entitled if living.'' The 10th paragraph of the will provides as follows: " In case any child of my said daughter, Lucy Ella Reynolds, shall die before attaining the age of twenty-one years leaving issue I give the share of my estate to which such child would have been entitled under this will, if living to attain the age of twenty-one years,. to such issue in equal parts, and in case any child of my said daughter, Lucy Ella Reynolds, shall die before attaining the age of twenty-one years, without leaving issue, I give the share of my estate to which such child would have been entitled under this will, if living to attain the age of twenty-one years, to the surviving brothers and sisters (if any) of the one so dying, in equal parts. And in case there shall be no surviving brothers and sisters, then I give the same to my children and the issue of any deceased child of mine in equal parts, the issue of any deceased child of mine to take the share to which his or her parent would have been entitled if living.''

David I. Reynolds, the husband of Lucy E. Reynolds, died March, 1916, before the life tenant, and the provisions of the will in his favor may therefore be disregarded. Lucy E. Reynolds, the life tenant, died January 22, 1920, so that this trust has terminated, and the remainder is now to be distributed. Lucy E. Reynolds had one child, a son, Hoffman Kissam Reynolds. He predeceased her, having died at the age of twenty-nine, intestate, unmarried and without issue. Upon the death of the life tenant there were surviving five groups of grandchildren, the issue of her deceased brothers and sisters. Three different interpretations are claimed:

1. That the gift of the remainder to Hoffman Kissam Reynolds vested in him in his lifetime and passed to his next of kin.

2. That the testator failed to provide for the present situation, and thereby died intestate as to this remainder by reason of the fact that the life tenant died without issue, or that Hoffman Kissam Reynolds died without issue after he became twenty-one years of age. Under this theory the reversion vested in testator's next of kin.

3. The remainder passed *per stirpes* under paragraph 10 to the grandchildren of the testator living at the death of Lucy E. Reynolds, since she died without issue.

The first construction cannot be adopted. The gift of the remainder is to the children of the life tenant or the issue of any deceased child " living at the time of the death of my said daughter." It is, therefore, clearly a gift to a class, with a direction for the distribution to the members surviving Mrs. Reynolds. *Matter of Kimberly,* 150 N. Y. 90; *Matter of King,* 200 id. 189. The remainder interests were, therefore, contingent and not vested. *Matter of Buechner,* 226 N. Y. 440; *Schwartz* v. *Rehfuss,* 129 App. Div. 630; affd., 198 N. Y. 585; *Matter of Baer,* 147 id. 348;

*Goebel* v. *Wolf*, 113 id. 405; *Teed* v. *Morton*, 60 id. 502; *Matter of Allen*, 151 id. 243.

Neither can the second interpretation be sustained. The law favors testacy rather than intestacy. The testator is presumed to have intended to dispose of all his property, and an interpretation which results in partial intestacy will not be favored. *Clark* v. *Cammann*, 160 N. Y. 315, 324. "There is one rule of construction which, to my mind is a golden rule, viz., that when a testator has executed a will in solemn form you must assume that he did not intend to make it a solemn farce,— that he did not intend to die intestate when he has gone through the form of making a will." *Matter of Harrison*, 30 Ch. D., 390, 393, 394; Beal's Cardinal Rules of Legal Interpretation, 514; Jarman Wills, (6th ed.) 991. The general scheme of the will shows that he attempted to provide for a complete distribution of his estate.

I therefore hold that the third construction is the proper one; that the remainder must be construed as a contingent gift to a class, and that the grandchildren living at the death of the life tenant constitute the members thereof. The testator definitely and repeatedly fixed this event as the date of determination. Construction must be rendered as of the time of the taking and vesting fixed in the will. *Metropolitan Trust Co.* v. *Krans*, 186 App. Div. 368, 373. The first two clauses of paragraph 10 must be disregarded, as they add nothing to the provisions already made for the issue of a deceased grandchild in paragraph 7. The language in paragraph 10, as to the gift over of the share which the children of Mrs. Reynolds would have been entitled to if they attained the age of twenty-one years, is meaningless, because there is no prior reference to such share. This language must therefore yield to his unambiguous declaration that only issue living at the death of the life tenant were entitled to take. The last clause of paragraph 10

must be construed to have been intended by the testator to cover the only contingency not comprehended by paragraph 7, that is, the distribution in case the life tenant died without issue. In that contingency the remainder, under the last clause of paragraph 10 was to go to the surviving issue of the brothers and sisters of Mrs. Reynolds. This is the only possible construction that permits of harmonizing all the parts of the will. *Schult* v. *Moll,* 132 N. Y. 122; *Haug* v. *Schumacher,* 166 id. 506; *Cammann* v. *Bailey,* 210 id. 19; *Matter of Einstein,* 113 Misc. Rep. 105; *Kalish* v. *Kalish,* 166 N. Y. 368, 375; *Hadcox* v. *Cody,* 213 id. 570.

The fund therefore should be divided into five equal shares corresponding to the number of the life tenant's brothers and sisters, and distribution among the grandchildren should be made *per stirpes* as directed by the will.

Decreed accordingly.