Surrogate's Court, Westchester County, October, 1922.    [Vol. 119

if she had not, the case is one in which the interest of justice requires a new trial. The newly-discovered evidence is material, and although impeaching in its nature, it has probative force in that it shows a state of facts diametrically opposed to the testimony of this landlord.

This motion for a new trial must, therefore, be granted. Settle order accordingly.

Ordered accordingly.

---

In the Matter of the Judicial Settlement of the Account of the WESTCHESTER TRUST COMPANY, as Substituted Trustee for the Benefit of HARRIET A. BURTIS, under the Will of GEORGE B. VALENTINE, Deceased.

Surrogate's Court, Westchester County, October, 1922.

**Wills — construction — vested and contingent remainders — when gift to grandchildren on their attaining majority is vested.**

A will executed eight days before the testator died, containing no general residuary clause, provided: " I hereby give and bequeath unto my daughter   *   *   * for and during her life time the use, income and profits to be derived from the other one equal undivided one-half part of all the rest, residue and remainder of my real and personal estate and property not hereinabove specifically and expressly bequeathed and disposed of, and upon the death of my said daughter leaving issue her surviving, then the principal sum derived from the said one-half of the said rest, residue and remainder of my real and personal estate to go to her children in equal shares and portions on their respectively attaining the age of twenty-one years, and the said principal sum to be derived from the said one-half of the said rest, residue and remainder of my real and personal estate, I hereby direct my executors to invest and keep properly invested on bond and mortgage on good improved and unincumbered real estate or other good and safe securities and to pay the interest to be derived therefrom unto my said daughter   *   *   * semi-annually after the sale of my real estate and for and during her life time." No provision was made for a substituted gift nor were there words of survivorship. At the time the will was executed testator's daughter was more than forty years of age and had two sons aged, respectively, sixteen and eight years, the youngest of whom died during the trust term, intestate, over twenty-one years of age, without issue, leaving a widow him surviving. *Held,* that the son of testator's daughter who survived her was entitled to one-half of this portion of his grandfather's estate and that the other half passed to those who took under the deceased son of said daughter.

So held upon a proceeding for the judicial settlement of the account of the substituted trustee and for a construction of the will, against the contention of the surviving son of said daughter that the gift was contingent and did not vest until her death and that the entire net proceeds of the trust fund should be paid to him.

PROCEEDING to settle accounts of trustee and for construction of a will.

*Remsen & Parsons,* for substituted trustee.

*Charles W. G. Baiter,* for William L. Burtis.

*Crawford & Harris,* for Catherine L. Burtis, widow of Charles E. Burtis.

SLATER, S.   Upon this accounting a question arises as to the construction of paragraph 19 of the will, which is as follows:

" I hereby give and bequeath unto my daughter Harriet A. Burtis for and during her life time the use, income and profits to be derived from the other one equal undivided one-half part of all the rest, residue and remainder of my real and personal estate and property not hereinabove specifically and expressly bequeathed and disposed of, and upon the death of my said daughter leaving issue her surviving, then the principal sum derived from the said one-half of the said rest, residue and remainder of my real and personal estate to go to her children in equal shares and portions on their respectively attaining the age of twenty-one years, and the said principal sum to be derived from the said one-half of the said rest, residue and remainder of my real and personal estate, I hereby direct my executors to invest and keep properly invested on bond and mortgage on good improved and unincumbered real estate or other good and safe securities and to pay the interest to be derived therefrom unto my said daughter Harriet A. Burtis semi-annually after the sale of my real estate and for and during her life time."

The testator left two children.   The other half of his estate was given outright to a son, Nathaniel B. Valentine.   The will does not contain a general residuary paragraph.

At the time of the execution of the will, October 2, 1880, the testator's daughter, Harriet A. Burtis, was over the age of forty-two years.   At that time she had two children, William L. Burtis, then aged sixteen years, and Charles E. Burtis, then aged eight years.   The testator died eight days after executing the will. Harriet A. Burtis, life beneficiary in one-half the property, is now deceased.   Her son Charles E. Burtis died during the trust term, intestate, over the age of twenty-one years, without issue, leaving a widow, Catherine L. Burtis, him surviving.   William L. Burtis, the other son, survives, and contends that the gift was contingent and did not vest until the death of Harriet A. Burtis, and that the entire net proceeds of the trust fund should be paid over to him.   The main purpose is to ascertain the intention of the testator.   Counsel for William L. Burtis relies upon *Matter of Baer,* 147 N. Y. 348, 353, 355; *Matter of Buechner,* 226 id. 440, 443; *Matter of Kissam,* 115 Misc. Rep. 724, and kindred cases, to

support the theory of payment to those living at the death of the life beneficiary. In *Matter of Baer* the gift was contingent upon survivorship. In the *Matter of Buechner* case the will restricts the division to the number of children *living* at the division. In *Matter of Kissam* the gift was to the children *living* at the time of the death of the daughter. The remainder interests were, therefore, contingent and not vested. In *Matter of McKim*, 115 Misc. Rep. 720, the principal of a quarter part was to be divided " among all my *surviving* grandchildren." The divide and pay over rule of construction is merely a canon of construction and is subject to the expressed intent of the testator. This rule has been severely criticized and has been held not to apply where it would disinherit any one of testator's blood. *Matter of Gee*, 201 App. Div. 540.

The draftsman of the will in the instant case evidently confused the legal meaning of " issue " and the legal meaning of " children," because he says: " Upon the death of my said daughter, leaving *issue* her surviving," then the principal shall " go to her *children* in equal shares and portions on their respectively attaining the age of twenty-one years." *Matter of Pulis*, 220 N. Y. 196; *Petry* v. *Petry*, 186 App. Div. 738; affd., 227 N. Y. 621; *Whitehead* v. *Ginsburg*, 197 App. Div. 266, 270; *Matter of Farmers' Loan & Trust Co.*, 193 id. 80; 231 N. Y. 50; *Matter of Schuster*, 111 Misc. Rep. 534, 540. The will does not say, if the issue survives the daughter then pay over to such issue in equal shares. The words " leaving *issue* her surviving," unless held to mean *children* surviving, are meaningless, and if deleted clearly convey the intent of the testator that upon the death of the daughter the one-half of the estate shall go to her children in equal shares and portions upon their reaching their majority. Equality of distribution enters into the division. No provision is made for a substituted gift, or are there words of survivorship. The case of *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 581, very much resembles the instant case. There the gift was for the life of Mrs. Newton, and after her decease to her children until they respectively attained the age of twenty-one years, and that upon attaining that age, the principal shall be paid to them. In that case there is no provision in the will for a gift over, or any words of survivorship relating to the principal gift. The court said: " The absence of a gift over in the alternative and of any words of survivorship in this connection has a special significance." In the dissent of Chief Judge Cullen in *Dickerson* v. *Sheehy*, 209 N. Y. 592, the decisions as to vesting of estates at death of the testator are reviewed. The testator created an estate for his daughter in one-half of his property, and I think that the testator intended to vest his estate at his death in the children of his daughter, subject to the

MATTER OF RICHARD FRENCH. **445**

Misc. 445]    Surrogate's Court. New York County, October, 1922.

trust estate, with the enjoyment thereof postponed until they arrived at legal majority. The decision may well rest upon the principle set forth in *Goebel* v. *Wolf*, 113 N. Y. 405, 415: " This construction [*i. e.*, that the gift was vested] also prevents the disinheritance of issue of any child who may marry and die before the expiration of the trust period, a consequence which no one can doubt the testator never intended." This principle was the controlling force in Chief Judge Cullen's opinion in *Cammann* v. *Bailey*, 210 N. Y. 19, 32; *Connolly* v. *O'Brien*, 166 id. 406; *Matter of Embree*, 9 App. Div. 602; affd., 154 N. Y. 778; *Fulton Trust Co.* v. *Phillips, supra; Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381; *United States Trust Co.* v. *Taylor*, 193 App. Div. 153; affd., 232 N. Y. 609; *Matter of Tienken,* 131 id. 391; *Kelso* v. *Lorillard*, 85 id. 177; *Matter of Gee, supra.*

In the event, however, that the vesting was postponed to the attainment of the majority of the grandchildren (*Matter of Lamb*, 182 App. Div. 180, 186; affd., 224 N. Y. 577), it can be said that the two grandsons reached the age of twenty-one years within the lifetime of their mother. *Brooklyn Trust Co.* v. *Phillips*, 134 App. Div. 697; affd., 201 N. Y. 561; *Dickerson* v. *Sheehy*, 156 App. Div. 101; affd., 209 N. Y. 592.

Consequently, William L. Burtis is entitled to one-half of this portion of his grandfather's estate, and the other half part passes to those who take under Charles E. Burtis, deceased.

Decreed accordingly.