In the Matter of the Estate of ABBOTT FOSTER, Deceased.

Surrogate's Court, New York County, June 28, 1940.

*McLanahan, Merritt & Ingraham,* for the petitioner.

*Dwight, Harris, Koegel & Caskey* [*Frederick W. P. Lorenzen* of counsel], for Dorothye Foster Lamb, administratrix *c. t. a.,* etc., of Esther Foster.

*George N. Whittlesey,* for the Children's Aid Society of New York.

*Mitchell & Van Winkle,* for the Connecticut Junior Republic Association, Inc.

FOLEY, S. The determination of several preliminary questions of construction of the will of the testator is sought in this accounting proceeding.

By item Fifth of his will the testator bequeathed to his wife for life his entire residuary estate. He then provided in item Sixth as follows:

" Upon the death of my said wife, or upon my death if I survive her, then I give and bequeath all of my said residuary estate (which I have given and bequeathed to my wife for life) to the Brooklyn Trust Company, of the Borough of Brooklyn, in the City of New York, as my executor and trustee, for the following uses and purposes:

"(1) To pay to my niece, Esther Foster, of Utica, New York, wife of my nephew, Gerard S. Foster, the sum of Ten Thousand Dollars, to be hers absolutely and forever."

Under subdivision (2) of item Sixth he bequeathed a legacy which, under its provisions, lapsed because of the divorce of the legatee before the death of the life tenant. Under subdivisions (3), (4) and (5) he created trusts for certain of his relatives, and under subdivision (6) directed his executors and trustees to purchase an annuity for the life of one Katharine Baldwin.

(1) The question is raised as to whether the gift of the remainder to testator's niece, Esther Foster, under subdivision (1) of item Sixth, above quoted, is vested or contingent. I hold that the remainder is clearly vested. There is no uncertainty as to the amount and the person intended as the beneficiary of the legacy. The gift was to the legatee *nominatim.* Survivorship at the termination of the life estate for the widow was not a condition of the gift. Had the testator intended otherwise, he would have so indicated in no unequivocal language, as he did under the provisions of subdivisions (3), (4), (5) and (6) of item Sixth. The absence of

a gift over, in the event of the death of his niece before his widow, supports the inference that the remainder was intended to vest at testator's death. (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 581; *Matter of Brown*, 154 id. 313, 322.) A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. (*Matter of Watson*, 262 N. Y. 284; *Connelly* v. *O'Brien*, 166 id. 406; *Hersee* v. *Simpson*, 154 id. 496.) The contention that because the testator bequeathed his residuary estate to his executor and trustee, with directions " to pay " the legacy to his niece, there was evidence of an intent to postpone vesting, under the application of the " divide and pay over " rule, must be overruled. That rule will not be applied where the testator's purpose is clearly expressed in his will. (*Matter of Buechner*, 226 N. Y. 440.) Although the testator bequeathed his residuary estate to the Brooklyn Trust Company, as executor and trustee, no express trust of the remainder under consideration was created. It was a dry or passive trust involving no active duties on the part of the trustee. No estate or interest, legal or equitable, vested in the designated trustee within the provisions of section 93 of the Real Property Law. The trustee was a mere conduit through which title passed directly to the named beneficiary. (*Jacoby* v. *Jacoby*, 188 N. Y. 124; *Denison* v. *Denison*, 185 id. 438, 443; *Gueutal* v. *Gueutal*, 113 App. Div. 310, 314; *Matter of Terwilligar*, 142 Misc. 249, 253.) It is significant, also, that in making the bequest to the trustee for the uses and purposes expressed in item Sixth of his will, the testator used the words, " I give and bequeath." Words of present gift employed by a testator have been uniformly held to manifest an intention to vest a remainder upon the death of the testator. (*Connelly* v. *O'Brien*, 166 N. Y. 406; *Matter of Seaman*, 147 id. 69; *Matter of Nedham*, 192 App. Div. 170.) Since the bequest to the trustee was in effect a bequest directly to the legatee, Esther Foster, immediate vesting of title in her must be held to have occurred at the testator's death, with enjoyment only postponed until the termination of the life estate of the widow. Esther Foster survived the testator but predeceased his widow. Payment of the legacy should, therefore, be made to the representative of her estate. The Brooklyn Trust Company having renounced its right to act as executor and trustee, distribution may be made by the executrix of the life tenant's estate.

(2) Since the residuary estate is insufficient to pay the legacies under subdivisions (1), (3), (4), (5) and (6) of item Sixth in full, the amount of the lapsed legacy to Bertha Foster, under subdivision (2), must first be applied to their satisfaction before any portion

thereof is payable to the legatees entitled to the surplus and residue under subdivision (7). Subdivision (7) provides: " If the amount of my said residuary estate remaining upon my wife's death, or upon my death, if I shall survive her, shall be more than sufficient for the full payment and satisfaction of the legacies provided for in the preceding paragraphs of Item Sixth of this my Will, then I direct my said executor and trustee, the Brooklyn Trust Company, to pay all of the surplus and residue thereof, after the payment and satisfaction of such bequests and legacies, in the proportion of two-thirds thereof to the Children's Aid Society of New York and one-third thereof to the Connecticut Junior Republic Association."

The testator obviously intended that no payment should be made to the corporate legatees under subdivision (7) until the general legacies of specific amounts of the residuary estate shall have first been paid in full. (*Matter of Zollikoffer*, 157 Misc. 837; *Matter of Jones*, 75 id. 47.) In effect, these legacies are general legacies, which are payable after the death of the testator's widow, and the corporations named in subdivision (7) of item Sixth of the will are the ultimate residuary legatees, to whom nothing passes until the general legacies have been fully satisfied. (*Matter of Cameron*, 278 N. Y. 352; *Matter of Title Guarantee & Trust Co.*, 195 id. 339; *Matter of Brundage*, 101 Misc. 528; affd., *sub nom. Matter of Farmers' Loan & Trust Co.*, 186 App. Div. 722; affd. and modfd., 226 N. Y. 691.) While the general rule is that where a legacy which has failed and lapsed, was itself a disposition of part of the residue, it will go as in case of intestacy (*Wright* v. *Wright*, 225 N. Y. 329), the rule is not applicable where the testator's intent is clearly expressed to the contrary.

(3) The sum to be applied to the purchase of the annuity for Katharine Baldwin, under subdivision (6) of item Sixth of the will, may be paid to her absolutely, pursuant to her election to receive the capital sum available for that purpose in lieu of the annuity. (*Matter of Cole*, 219 N. Y. 435; *Matter of Oakley*, 142 Misc. 1; *Reid* v. *Brown*, 54 id. 481.)

Proceed in accordance with the stipulation filed and approved by the surrogate on June 14, 1940, authorizing the filing of objections to the account within twenty days from the date of the determination of the questions of construction involved herein or within twenty days after the filing of any amendment to the account.