John D. Bennett, S.
In this first intermediate account of proceedings, petitioner seeks a construction of the sixth clause of the decedent’s will. The terms of this residuary clause of the will provide for a- trust for the life of the brother and directed the disposition of the principal in the following manner : ‘ ‘ and upon his death to pay the principal over in equal installments or shares to my cousins, phoebe u. seaman, now residing at Jericho, New York, hannah malcolm, now residing at Jericho, New York, anna seaman hicks, now residing at Roslyn, New York, and peed w. seaman, now residing at Roslyn, New York.”
The court considers it determinative that no condition of survival is present in the paragraph and construes the provision as creating vested interests in the remaindermen named in such paragraph.
The gift of a remainder nominatim indicates an intention to give a vested interest (Matter of Gardner, 140 N. Y. 122; Matter of Soy, 143 Misc. 217; Matter of de Winter, 130 N. Y. S. 2d 485).
The fact that the gifts to the remaindermen are included in a residuary bequest without provision for disposition of failed gifts is a further indication that the interests of the remaindermen are vested. Such holding also results in a salutary avoidance of intestacy (2 Davids, New York Law of Wills,- § 967).
Settle decree on five days ’ notice.