John F. Doyle, S.
This is a proceeding to construe the < t Third ’ ’ paragraph of the last will and testament of Marvin B. Parks, deceased, who died February 20, 1920. It reads as follows: ‘ ‘ Third. I direct that my estate both real and personal, shall remain intact including my live insurance while Elsie E. Parks remains my Widow, after the decease or remarage of Elsie E. Parks I direct that my estate be devided into five equil parts both real and personal between my five children, one share to my Daughter Jennie B. Sherman of South Glens Falls, N. T. one share to Carrie May Jacobie of South Glens Falls, N. Y. my Daughter, one share to my daughter Elsa E. Parks of South Glens Falls, N. Y. one share to my Son Edwin H. Parks of Troy, N. Y. one share to my Son Arthur D. Parks of Schenectady, N. Y. they to be equally divided between them share and share alike, the child or childred of a deceased child taking the share which his or parent would have taken if living.”
Each of the remaindermen named in the “ Third ” paragraph was living when the will was made and each survived the testator. The direction in the will is to divide the estate on the widow’s death or remarriage into five equal parts and pay the same over to five named children. There is no requirement of survival and concededly failure of the gift to Jennie B. Sherman, hereafter referred to as Genevieve B. Sherman, would result in intestacy as to her share.
The question for determination is whether Genevieve B. Sherman acquired a vested interest on the testator’s death, and, if so, did it become defeasible on her death prior to the death of the life tenant.
*1076 The more recent cases seem clear in holding that 1 ‘ A remainder gift to named remaindermen in existence at the date of a testator’s death imports immediate vesting.” (Matter of Ablett, 3 N Y 2d 261, 271.)
In Matter of Watson (262 N. Y. 284) the court said, at page 300: “ The law favors the vesting of estates, and unless a contrary intention is unequivocally expressed, it will not be imputed. ’ ’
I find no ambiguity or doubt of testator’s intent when the will is construed in the light of these and other authorities.
The only part of the will that might bring about a divestiture is that part of paragraph “ Third ” which provides that the child or children of a deceased child take the share which a parent would take if living. Stress has been laid on the interpretation to be given this provision but I do not feel it is important inasmuch as Genevieve B. Sherman died without issue and consequently her share of the remainder is not affected by it. It would only become necessary for me to decide this question had Genevieve B. Sherman been survived by a child or children. Then and only then would such provision come into operation. (2 Powell, Real Property, par. 330; Matter of Blanchard, 10 N. Y. S. 2d 152.)
Genevieve B. Sherman having acquired a vested remainder of one fifth of the corpus of the estate on decedent’s death, she was entitled to dispose of same by will and her death prior to the death of the life tenant in no manner affected her disposition.
A decree may be entered accordingly.