John C. Boyian, S.
In this contested accounting proceeding a construction of the will is necessary to determine what person or persons the legacy bequeathed to Gussie Cole, deceased, is distributable. The testator died on October 18, 1956, and his will, dated November 27, 1953, was admitted to probate on July 23, 1957. He made a number of specific bequests and then provided in paragraph fourteenth the following: ‘ ‘ All the rest, residue and remainder of my estate, both real and personal and wherever situate, I give devise and bequeath to Gussie Cole, my Aunt, to Alice Powell and Betty Jane Kelly, my nieces, to William Franklin Androvette, my nephew and to Mary Collins Shea, my sister-in-law, share and share alike, to have and to hold for their own use and benefit forever.”
All of the parties mentioned in the above-quoted residuary clause survived the testator except Gussie Cole. Since the gift to her was made in the residuary clause and she predeceased the testator the legacy given to her lapsed. The testator having failed to make any other provision in his will in the event of the failure of his aunt, Gussie Cole, to survive him, the lapsed legacy is deemed to have been undisposed of and passes as property left in intestacy (Kerr v. Dougherty, 79 N. Y. 327; Matter of Tamargo, 220 N. Y. 225; Matter of Foster, 174 Misc. 933; Matter of Horner, 82 N. Y. S. 2d 491).
The court having considered the proofs submitted finds that the only person who would have taken in ease of intestacy would have been Henry Shea, if alive. However, the proof established that the last time he was seen by any member of *872 his family was about 49 years ago, on or about 1910. At that time he was approximately 60 years old and unmarried. In 1915 efforts were made by his family to locate him, but they proved futile. The evidence established that the said Henry Shea disappeared in the year 1910; that he did not attend any wedding or funeral for any member of his family since, and none of his friends, acquaintances or relatives have heard from him. These circumstances are sufficient to raise the legal presumption that he was dead after seven years from the date of his disappearance in 1910; that as a result he is deemed to have predeceased the testator and died intestate and without issue. (Barson v. Mulligan, 191 N. Y. 306; Abbott, Trial Evidence [4th ed.], pp. 133-142.)
The court is satisfied from the proofs submitted that the only distributees who survived the decedent were Alonzo Cole and Minnie Cole Bright and that they share equally in the one-fifth part of the residuary bequeathed to Gussie Cole and which lapsed by reason of the fact that she predeceased the decedent as aforesaid.
All other objections having been withdrawn, submit decree settling account on notice and in accordance herewith.