Joseph A. Cox, S.
In this proceeding for the settlement of the final account of the successor trustee, the petitioner presents for determination a number of questions involving construction of those provisions of the will in which the testatrix disposed of the remainder of the residuary trust. Mrs. Clarke executed her will on June 2,1919. It was admitted to probate in this court on December 6, 1920, approximately a month after her death. She left her residuary estate in trust for her son, Thomas B. Clarke, Jr., for life with the remainder to his issue or, in default thereof, in equal shares in further trust for her husband and her brother for life with the remainders of those shares payable on the deaths of the beneficiaries in the manner following:
(a) Paragraph Eighth (as to the share for the husband): ‘ ‘ one-half of said share or part in equal portions to my cousins Florence Dickson * s * and Alice H. Britton, * * * or if said Florence Dickson shall not then be living, then her portion shall be paid to her daughters, Florence and Edna, or the one then living. And if said Alice H. Britton shall not then be living, then her share shall be paid to her daughter, Louise, if living.”
(b) Paragraph Ninth (as to the share for the brother): “ the part or share held in trust for him shall be converted into personal property and out of the proceeds there be paid the following amounts, in the following order, viz.: to the Southampton Hospital at Southampton, Suffolk County, Long Island, New York, the sum of Ten Thousand Dollars ($10,000); to the East Hampton Free Library at East Hampton, Suffolk County, Long *179 Island, New York, One Thousand Dollars ($1,000); to the Ladies Village Improvement Society of East Hampton, Suffolk County, Long Island, New York, One Thousand Dollars ($1,000); to the Hahnemann Hospital of the City of New York the balance remaining of said part or share previously held in trust for my brother after payment of the foregoing specific bequests, the same to be an endowment to be used by said Hahnemann Hospital to maintain rooms in said Hospital in the name of my mother Charlotte Morris, for the care of female patients of the gentlewoman class, who are financially unable to pay for accommodation of that character.”
Separate questions arise in connection with the disposition of the bequest of the remainders of the secondary trusts as a result of the sequence in which the deaths of the beneficiaries occurred and because of the difference in the donative language of the two gifts. The testatrix was survived by her son and husband but not by her brother. Her husband failed to survive the son who died without issue. All of the parties to this proceeding, including the Attorney-G-eneral, are in agreement, however, that the fact that the deaths of the secondary income beneficiaries occurred prior to the death of the primary life tenant has no effect upon the validity of the remainders limited upon the secondary life estates. The court concurs with this conclusion with which the authorities are in accord without exception (Morris v. Beyea, 13 N. Y. 273; Matter of Fordham, 235 N. Y. 384; Matter of Bostwick, 236 N. Y. 242; Matter of Blumenthal, 124 Misc. 850).
The principal issue in dispute involves the remainder of the share left in trust for the benefit of the husband of the testatrix, the named remaindermen, who are the daughters of her cousins, contending that they are entitled to a full half share of the residuary estate as against the position of the executors of the estates of the son and husband that there was an intestacy as to one half of that half share. In paragraph Eighth of the will, the testatrix, after having provided that the residuary estate Was to be divided into two parts upon the death of her son with one part to be held in further trust for her husband, directed that on the latter’s death “ the part or share held in trust for him (shall) be converted into personal property and conveyed, transferred and paid over by my said trustees absolutely in the following manner: One-half of said part or share in equal portions to my cousins or (their) * * * daughters.” (Emphasis supplied.) No disposition of the remaining half of that share is to be found in this or any other paragraph of the will but there is a direction intended to take effect in the event that *180 either cousin die without leaving children, the testatrix providing that under those circumstances “ the entire fart or share held in trust for my said husband shall be paid to the then surviving cousin named, or to her daughters named surviving her. ” (Emphasis supplied.)
It is the contention of the remaindermen that the probable purpose of the testatrix was to dispose of the entire corpus of the husband’s half share by bestowing it upon the persons she designated but the limitations upon the court’s power to read into a will an implication that a particular gift was intended forbids its exercise in this instance (Matter of Englis, 2 N Y 2d 395; Matter of Winburn, 265 N. Y. 366; Matter of Bisconti, 306 N. Y. 442; Matter of Hogan, 138 N. Y. S. 2d 864) . To say that the text under construction contains directions for disposal of the entire corpus on the death of one of the primary remainder-men without issue and of only half of that amount in the event the remainderman were to die leaving issue may be to charge the testatrix with an inconsistency but that is a fault which has never been held sufficient reason of itself for rewriting a will or subjecting it to posthumous correction by the court (Matter of Perera, 3 Misc 2d 1043, affd. 5 A D 2d 972; Matter of Jay, 142 N. Y. S. 2d 234, affd. l A D 2d 661, affd. 1 N Y 2d 897). The fact remains that the testatrix has left no instructions concerning the disposition to be made of the balance of the corpus under the conditions which prevailed and the vacuum in the testamentary program is not one which can be filled by transposing directions intended to be applicable to a wholly different situation. Intestacy as to one half of the principal of the trust for the husband must accordingly be decreed.
The petitioner raises a further question in connection with the payment of the remainder of the trust for the benefit of the husband expressing doubt as to whether the gift is one to the estates of the named cousins of the testatrix' who predeceased her son or to their surviving daughters. The language of gift is explicit and free from ambiguity. The testatrix stated that payment was to be made as to one half of the corpus ‘ ‘ in equal portions to my cousins Florence Dickson and Alice H. Britton * * * or if said Florence Dickson shall not then be living, then her portion shall be paid to her daughters, Florence and Edna, or the one then living. And if said Alice H. Britton shall not then be living, then her share shall be paid to her daughter, Louise, if living.” Florence Vendy and her daughter Edna Yendy both predeceased the life tenant but her daughter Florence is alive and has appeared in this proceeding asserting that she is entitled to a full half share of the remainder of the *181 trust. Similarly, Alice Britton failed to survive the life tenant but was herself survived by her daughter Louise who has also appeared and who lays claim to the balance of the legacy. The court holds that the claimants are entitled to take that share of the corpus disposed of by the will in equal parts in accordance with the plain direction of the testatrix.
The only remaining question concerns the right of New York Medical College, Flower and Fifth Avenue Hospitals, as successors to Hahnemann Hospital of the City of New York, to qualify for payment of the bequest of a portion of the remainder of the trust for the benefit of the brother of the testatrix. By order of the Supreme Court on June 15, 1920 and July 8, 1922,. Hahnemann was consolidated with the Laura Franklin Free Hospital for Children as the Fifth Avenue Hospital of the City of New York and that institution by order of consolidation filed in the office of the Secretary of State on June 22,1938 was thereafter consolidated with New York Medical College and Flower Hospital as New York Medical College, Flower and Fifth Avenue Hospitals. The claimant has expressed its willingness to accept the legacy upon the conditions expressed by the testatrix and states that it is in a position and willing to carry out her instructions in that connection. The question as to its status as the successor of the named legatee has been answered in the decision by Surrogate Foley in Mater of Deane (208 N. Y. S. 320) holding that a gift to Hahnemann was dischargeable by payment to Fifth Avenue and the latter decision of Surrogate Collins in Matter of Meeks (76 N. Y. S. 2d 195) holding that a gift to Fifth Avenue was dischargeable by payment to its successor New York Medical College, Flower and Fifth Avenue Hospitals. Payment of the legacy to the claimant is, accordingly, directed.