Joseph A. Cox, S.
In this proceeding for the settlement of the final account of the trustee the reports of special guardians present for determination two questions involving construction of provisions of the will disposing of the remainder of the residuary trust. The testator left his residuary estate in trust for the benefit of his widow, his nephew and the latter’s wife. The testamentary provisions particularly pertinent to the construction problems read as follows: ‘ ‘ fourth :- I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal and wheresoever situated, of which I shall die seized or possessed or to which I may be entitled at the time of my decease, unto The Farmers’ Loan and Trust Company * * * in trust * * * during the lifetime of my said wife, Valerie Eugenie Worthington, and to apply eleven twelfths of said rents, issues and profits to the use of my said wife during her life, and the remaining one-twelfth of said rents, issues and profits to the use of my nephew, William E. Austin * * * and his wife, or the survivor of them. If at any time *683 during the life of my said wife neither my said nephew, William E. Austin nor his wife shall be living, the one-twelfth of the income theretofore applied or directed to be applied to their use shall be applied to the use of my said wife. Upon the death of my said wife I give and bequeath the sum of one thousand dollars to Frank Moynier, " * * and the sum of one thousand dollars to Marie Francoise Papin (Now Madam Felu), * * *. I direct my said Trustee to divide the remainder of my residuary estate after making said payment (but including the amount of either legacy which may lapse) into four equal shares. If both my said nephew, William E. Austin and his wife be living I direct my said Trustee to purchase for each of them with one of said equal parts each, annuity policies providing for the payment of annuities semi-annually during the lives of said respective annuitants such policies to be in such companies as my said Trustee shall select. Should only my said nephew, William E. Austin, be living at the time of my wife’s death I direct that two of said four equal shares be used in the purchase of his annuity * * *. If my said nephew William E. Austin should not be living at the time of the death of my said wife, I give, devise and bequeath the share which should have been used for the purchase of an annuity for him to my said cousins Amy Comstock Worthington, Margaret Augusta White, John Raymond Worthington and Lura Maria Ackley, or their survivors or the issue of any who may then be dead as hereinbefore provided as to the share originally given to them per stirpes.”
The legatee Marie Papin Felu survived the testator but died prior to the termination of the trust. The testator’s nephew William E. Austin and the latter’s wife also survived the testator and predeceased the widow.
The special guardian representing the persons entitled to the estate of Madam Felu contends that the legacy bequeathed to her vested in her upon the testator’s death. A remainder gift to a named legatee who was in existence at the date of the testator’s death imports immediate vesting (Matter of Ablett, 3 N Y 2d 261, 271; Matter of Cummings, 11 Misc 2d 1060; Matter of Green, 160 Misc. 490; Matter of Foster, 174 Misc. 933). The contention that the testator’s direction that lapsed legacies be added to the general remainder constitutes a substitutionary gift of this legacy presumes the very question at issue by classifying this legacy as one that has lapsed. The position of the special guardian is sustained.
With respect to the disposition of the shares which would have been employed to purchase annuities for the nephew and his wife, it may be assumed that, were the testator able to express a *684 present intention, he would want such shares to pass under his will and not as intestate property. Unfortunately, the deficiencies in the will cannot now be corrected and the court may not resolve the problem by surmise because a disposition is lacking in the will (Matter of Englis, 2 N Y 2d 395; Matter of Clarke, 24 Misc 2d 177). The fact is that the will lacks a disposition under the situation here existing and the result is an intestacy as to such portions of the remainder.