Frank D. Paulo, S.
The trustees of two trusts created under the will of Isabella D. Cameron, deceased, petition the court for approval of final account and ask directions as to the distribution of the corpus of these trusts.
*751 Decedent died July 16, 1906. The trusts involved here are created in paragraph “third” of her will which reads as follows: 1 ‘ third : All my right, title, and interest in and to the premises known as Number 185 Madison Avenue, in the Borough of Manhattan, City of New York, and in and to any property or moneys which may come to the Estate of my father, the late Sir Roderick W. Cameron, from the Firm of R. W. Cameron & Company, I give, devise and bequeath to my said executors and Trustees, in trust, to hold the same, in two equal parts or shares, and to collect the rents, income, and profits of one such equal part, and apply or pay over the same to the maintenance and support of my sister, anne f. tiffany, during her life, and upon her death to transfér and pay over such one-half part to her son george, or his issue; but in case he shall then be dead, leaving no issue, such part shall be transferred and paid over to my sister Margaret: and to collect the rents, income, and profits of the other equal part, and apply or pay over the same to the maintenance and support of my brother, duncan e. cambrón, during his life, and upon his death to apply or pay over such rents, income and profits to my sister, anne f. tiffany, and upon her death to transfer and pay over said half part to her said son, george tiffany, or, in case of his death, to his issue; but if he shall then be dead, without issue, such part shall be transferred and paid over to my sister margaret.”
Duncan E. Cameron, decedent’s brother, a life beneficiary of the second trust, died in 1927. Anne F. Tiffany, decedent’s sister, who acquired a life estate following Duncan’s death (as to the second trust) and who had a life estate, ab initio, in the first trust, died September 22, 1961. George Tiffany, son of Anne F. Tiffany, died, without issue, prior to the death of his mother, the life tenant. Margaret S. E. Cameron, another sister of decedent, the alternate remainderman, also predeceased the life tenant.
The question presented is whether Margaret’s remainder is vested or contingent. If vested her estate is entitled to receive the remaining corpus of both trusts; if contingent it passes, pursuant to the residuary clause, to the brothers and sisters of the decedent, all of whom are dead.
The court is always required to scrutinize the entire will of the testatrix in order to determine whether there are indications of the intention of the testatrix to aid the court in a construction. There are well-established criteria that indicate that the testatrix intended to give Margaret S. E. Cameron a vested remainder in the trust created in paragraph “ third ” of her will. While the testatrix makes survivorship a prerequisite of the alternative *752 remainder given to George Tiffany, no words of survivorship were annexed to the gift made to Margaret S. E. Cameron. (Fulton Trust Co. v. Phillips, 218 N. Y. 573, 581.) It has been held that where remainders are given to a named individual, a person in being who would have the immediate right to possession on the determination of all the precedent estates, an intention to create a vested remainder in the named individual, is indicated. It is clear from an examination of this will that the remainders given to Margaret S. E. Cameron, come within this rule. (Real Property Law, § 40; Matter of Traver, 161 N. Y. 54; Matter of Parks, 14 Misc 2d 1074; Matter of Seaman, 13 Misc 2d 110; Matter of Ablett, 3 N Y 2d 261, 271; Matter of Cummings, 11 Misc 2d 1060; Matter of Foster, 174 Misc. 933; Matter of Evans, 165 Misc. 752, 763, affd. 258 App. Div. 1037, affd. 284 N. Y. 571.) Further indication that the testatrix intended to create a vested remainder is to be found in the fact that no alternative gift was made in her will after the remainder to Margaret S. E. Cameron. (Fulton Trust Co. v. Phillips, supra; Matter of Valentine, 119 Misc. 442, 444.)
The court is satisfied, from all these indicia of the intention of the testatrix, that vested remainders were created for Margaret G. E. Cameron. There is no reason why the “ divide or pay over ” rule should be applied. (Gluck, The “ Divide and Pay Over ’’Bule in New York, 24 Col. L. Bev. 8.) The court will not strain to discover a contingency in these circumstances.
The final account of the trustee is approved.