W. Vincent Grady, S.
Mary Ella Vincent died a resident of the Village of Millbrook, Dutchess County, New York, December 19, 1917, and her last will and testament was duly admitted to probate by decree of the Dutchess County Surrogate dated February 18, 1948. After making certain specific devises, the testatrix, in paragraphs “ Fifth ” and “ Sixth ” of her said will, provided as follows:
“ Fifth: I give, bequeath and devise to my executors hereinafter named all the rest, residue and remainder of my property including my house on Elm Drive, Millbrook, N. Y., to be held by them in trust for my brother, William G. Traganza, Pleasant Valley, N. Y., they to invest and reinvest the same and pay the income therefrom to him as long as he lives. A portion of the principal may also he used for the support and maintenance of my said brother if deemed necessary in the sole judgment of my said executors and trustees.”
‘ ‘ Sixth: After the death of my said brother I give, bequeath and devise all my property then remaining, both real and personal, to Marguerite Remsburger of Pine Plains, N. Y., and the said Mary Schrowang of Kingston, N. Y., share and share alike.”
Marguerite Remsburger, one of the two residuary legatees named in paragraph ‘ ‘ Sixth ’ ’ of said will, predeceased William G. Traganza, the beneficiary of the trust, who died on September 5, 19G4. Docs the remainder interest created in paragraph ‘1 Sixth ’ ’ pass to the legal representative of Marguerite Rems-burger, or does it pass to the other remainderman Mary E. Schrowang, or does it lapse and become an intestacy?
It is the general rule in New York State that a gift of a remainder to named persons indicates an intention to give an indefensibly vested interest. (Matter of Worthington, 36 Misc 2d 682 [Surrogate’s Ct., N. Y. County, Surrogate Cox, 1962]; Matter of Seaman, 13 Misc 2d 110 [Surrogate’s Ct., Nassau County, Surrogate Bennett, 1958]; Matter of De Winter, 130 N. Y, S. 2d 485 [Surrogate’s Ct., Westchester County, Surrogate Griffiths, 1954]; Matter of Ablett, 3 N Y 2d 261, 271 [dictum].)
Thus, in the case of Matter of Worthington (supra, p. 683) the testator left his residuary estate in trust for the benefit of his widow, his nephew, and his nephew’s wife. Upon the death *583 of his wife, the testator directed as follows: “ Upon the death of my said wife I give and bequeath the sum of one thousand dollars to Frank Moynier * * * and the sum of one thousand dollars to Marie Francoise Papin Marie Papin survived the testator but predeceased the wife. The precise question presented was whether this language created a vested remainder in Marie Papin; the court held that the remainder was vested.
Again, in Matter of Seaman (supra, p. 111) the testator created a trust for the benefit of his brother and directed the disposition of the principal as follows: “ and upon his death to pay the principal over in equal installments or shares to my cousins, phoebe U. seaman, now residing at Jericho, New York, hannah malcom, now residing at Jericho, New York, anna seaman hicks, now residing at Roslyn, New York, and peed w. seaman, now residing at Roslyn, New York.”
The court held as follows (p. 111): “ The court considers it determinative that no condition of survival is present in the paragraph and construes the provision as creating vested interests in the remaindermen named in such paragraph.
“ The gift of a remainder nomination indicates an intention to give a vested interest (Matter of Gardner, 140 N. Y. 122; Matter of Soy, 143 Misc. 217; Matter of De Winter, 130 N. Y. S. 2d 485).
“ The fact that the gifts to the remaindermen are included in a residuary bequest without provision for disposition of failed gifts is a further indication that the interests of the remainder-men are vested. Such holding also results in a salutary avoidance of intestacy (2 Davids, New York Law of Wills, § 967).”
Such a holding is clearly in accord with the generally accepted rules of construction and represents the rule in New York. For an excellent and thorough consideration of these rules, see the following cases: Matter of Foster (174 Misc. 933 [Surrogate’s Ct., New York County, Surrogate Foley, 1940]); Matter of Soy (143 Misc. 217 [Surrogate’s Ct., Kings County, Surrogate Wingate, 1932]).
On the authority cited, the language of the will in the instant case created an indefeasibly vested one half of the remainder in Marguerite Remsburger which is not divested upon her failure to survive the life beneficiary, and should pass to her legal representative. The other one half should pass to Mary Schrowang. Submit decree accordingly.